## ENGLER *v.* ENGLER.

MORTGAGES — FORECLOSURE — DEATH — CONDITION — CONSTRUCTION —PAROL EVIDENCE RULE—DEEDS—BILLS AND NOTES.

> Where complainant, an aged parent, executed to his son and daughter-in-law a deed with a defeasance clause providing that if the defendants should "well and truly pay or cause to be paid the said five per cent. on the said $1,200" to the said complainant "or his assigns, when the same respectively fall due, then these presents shall become void upon the death of said" grantor, "otherwise to remain in full force and virtue," the grantees at the same time executing to the grantor a promissory note for $1,200 for a term of ten years, also providing it should become void after the payee's death, the contract, which was fully in writing, did not require the aid of oral testimony to construe it, and constituted security for the entire principal, not the interest merely, subject to foreclosure after the maturity of the note, which defendants did not pay.[1]

Appeal from Monroe; Gilday, J. Submitted June 13, 1916. (Docket No. 74.) Decided July 21, 1916.

[1]The question of right to foreclose deed intended as security for debt, as an equitable mortgage, is discussed in a note in 22 L. R. A. (N. S.) 572.

Bill by Aaron Engler against John F. Engler and Anna E. Engler for the foreclosure of a mortgage. From a decree for complainant, defendant Anna E. Engler appeals. Affirmed.

*Thornton Dixon*, for complainant.

*Willis Baldwin* and *A. B. Bradgon, Sr.*, for defendant Anna E. Engler.

BROOKE, J. The bill of complaint in this case is filed for the purpose of securing foreclosure of a mortgage. The mortgage was drawn upon an Ohio form, and is in fact a deed absolute, containing a defeasance clause in the following language:

"Provided, always, and these presents are upon this condition, that whereas, the said John F. Engler and Anna E. Engler have executed to the said Aaron Engler, their certain promissory note for $1,200.00, a copy of which is as follows:

" '$1200.00.                 TOLEDO, O., June 16th, 1902.

" 'On or before ten years after date we promise to pay to the order of Aaron Engler twelve hundred dollars at Toledo, Ohio, with interest at the rate of five per cent. per annum, payable semi-annually. Value received. This note is to become null and void and canceled at the death of Aaron Engler, provided the said 5 per cent. interest is fully paid as herein provided.

" '[Signed] JOHN F. ENGLER.
" '[Signed] ANNA E. ENGLER.'

"Now, if the said John F. Engler and Anna E. Engler shall well and truly pay, or cause to be paid, the said five per cent. on the said $1,200.00 to the said Aaron Engler or his assigns, when the same respectively fall due, then these presents shall become void, upon the death of said Aaron Engler, otherwise to remain in full force and virtue."

The plaintiff in the case is the father of defendant John F. Engler. The defendants, at the time of the execution of the instrument in question, were husband

and wife. It is conceded in the record that interest, as reserved in said instrument, was paid by defendants to plaintiff for only two years after its date. Thereafter, though at what time the record does not disclose, defendant Anna Engler secured a divorce from her husband, John Engler, who, in compliance with the decree as to alimony, quitclaimed to her his interest in the farm covered by the mortgage, the title to which was held jointly by him and his wife. At the time of the execution of the mortgage the plaintiff was upwards of 70 years of age, and at the time of the hearing in February, 1916, he was eighty-six. Some oral testimony was introduced tending to show the understanding of the parties at the time the mortgage was given; the plaintiff claiming that the principal was to be repaid to him at the expiration of 10 years, and the defendant Anna testifying that it was the distinct understanding between all of the parties that the mortgage should stand as security for the payment of the interest only.

We are of opinion that it is unnecessary to enter upon the consideration of the oral testimony as to what the actual agreement was, as the parties themselves reduced it to writing and executed it in the most solemn manner known to the law. It therefore becomes necessary to examine the instrument and to determine from such examination what the contract means. After a hearing the learned circuit judge entered a decree in favor of the plaintiff for both principal and interest, with the usual provisions that the land covered by the mortgage should be sold, and the proceeds, so far as necessary, used to satisfy the same. From this decree Anna Engler, being the only party defendant in interest, appeals.

It is her claim that a fair reading of the defeasance clause clearly indicates that the mortgage was intended as security for the payment of the interest only. It is

said that any construction that would make the $1,200 principal due for nonpayment of the interest would be in the nature of a penalty. This view would find some support, if reference was had only to the last section of the defeasance clause. Referring, however, to the note itself, which is made a part of the defeasance clause, we find a distinct and unequivocal promise to pay the principal sum of $1,200 on or before 10 years after date, together with interest at the rate of 5 per cent. It is true that this promise is followed by the stipulation that the note is to become void and canceled at the death of Aaron Engler, provided that the said 5 per cent. interest is fully paid as therein provided. The contingency provided for in the note, has, however, not happened within the time limited by the note. It was probably within the contemplation of the parties at the time the instrument was executed that Aaron Engler, the mortgagee, because of his then advanced age, would not live until the note became due. The event has proved contrary to this expectation. Having provided the due date of the note, and payment thereafter not having been made according to its terms, we can see no reason in law or in equity why this man in his extreme old age should be deprived of the principal of the loan which he made to his son and daughter-in-law.

The decree of the court below is affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.